**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4559
_____

GRANDE PROPERTIES DEVELOPMENT, LLC
a New Jersey Limited Liability Company,

Appellant

v.

JP MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2008-C2,
a New York Common Law Trust c/o State Street Bank & Trust Co.;
WELLS FARGO & COMPANY, a Delaware Corporation;
CW CAPITAL ASSET MANAGEMENT LLC, a Delaware Corporation

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 1:10-CV-00736)
District Judge:  Hon. Joseph Rodriguez

_____

Argued December 20, 2012

BEFORE:  McKEE, *Chief Judge*, and SLOVITER, VANASKIE, *Circuit Judges*.

(Opinion Filed:  February 21, 2013)

David L. Braverman, Esquire [Argued]
Helen M. Braverman, Esquire
Braverman Kaskey
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, PA 19103
        *Counsel for Appellant*

Eugene Killian, Jr., Esquire
Ryan Milun, Esquire [Argued]
The Killian Firm, P.C.
555 Route 1 South, Suite 430
Iselin, NJ 08830
       *Counsel for Appellees*

——————————

OPINION

——————————

McKee, *Chief Judge*.

Grande Properties Development, LLC ("Grande") appeals the District

Court's judgment in favor of the defendants in Grande's suit alleging breach of contract

and breach of the covenant of good faith and fair dealing. The suit arises from the

defendants' refusal to release certain escrowed funds held in connection with a real estate

financing transaction between the parties. For the reasons set forth below, we will affirm.

I.

As we write mainly for the parties, it is unnecessary to provide the factual or

procedural history of this case except insofar as it helps our discussion.[1] In order to

recover on its contract claims under New Jersey law, Grande must have performed its

own obligations under the contract. *Nat'l Util. Serv., Inc. v. Chesapeake Corp.*, 45

———————————

[1] We exercise plenary review over the District Court's grant of summary judgment.
*Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010). In considering the
record, we "apply[] the same standard that the court should have applied." *Id.* Summary
judgment is only proper where no genuine issue exists as to any material fact such that
the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

F. Supp. 2d 438, 448 (D.N.J. 1999).[2]  In granting the defendants' cross-motion for

summary judgment, the District Court concluded that Grande could not establish a claim

for several reasons.  *See Grande Props. Dev., LLC v. JP Morgan Chase Comm. Sec.

Trust 2008-C2*, No. 1:10-cv-00736-JHRS-JS, 2011 WL 2669966, at *8-11 (D.N.J. July 6,

2011).  First, the District Court found that Grande did not have a contractual relationship

with the defendants.  Rather, the Court concluded that Grande's relationship with the

Trust, CW, and Wells Fargo was governed by a separate Pooling and Servicing

Agreement that did not incorporate the terms of Grande's loan agreement with CIBC.

*See id.* at *8.  It is not at all clear why the District Court concluded that the contract only

applied to CIBC because the contract clearly stated that its terms and conditions applied

to CIBC's assigns and successors in interest.[3]

    However, we need not parse through each of the reasons the District Court gave

for granting summary judgment against Grande because we agree with the District

Court's conclusion that Grande had not complied with the terms of the mortgage relating

to "Approved Tenant Occupancy Conditions."  Specifically, Section 1.28(g) of the

---

[2]  The parties do not dispute the District Court's conclusion that New Jersey law applies to this dispute.

[3]  The District Court also ruled that Grande could not establish a claim against the defendants for breach of the covenant of good faith and fair dealing.  *See Grande Props.*, 2011 WL 2669966, at *10.  To establish that the defendants breached this implied covenant, Grande had to show that they acted in bad faith to deprive Grande of benefits it expected to receive from the contract.  *See Wade v. Kessler Inst.*, 798 A.2d 1251, 1262 (N.J. 2002) ("[T]he breach of the implied covenant arises when the other party has acted consistent with the contract's literal terms, but has done so in such a manner as to 'have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" (quoting *Bak-A-Lum Corp. v. Alcoa Bldg. Prod.*, 351 A.2d 349, 352 (N.J. 1976) (alterations omitted))).  We do not find the requisite bad faith element satisfied here.

mortgage provides that the Tenant must "*take actual possession and occupancy, is conducting business with the public from the space demised under the New Approved Lease and is paying full, unabated rent . . . .*" (Emphasis added.)

It is at least *plausible* that by leasing and paying rent for 6,250 square feet of additional retail space Wal-Mart had "taken actual possession and occupancy[.]" However, even if it had moved inventory into the demised premises, affidavits from Wal-Mart officers in charge of the Cape May County store make clear that at the time Grande filed its suit Wal-Mart had not "conducted business with the public" from the additional leased space. Specifically, in a declaration signed by Matt Sitton, Senior Director of Real Estate for Wal-Mart in Eastern Pennsylvania and Southern New Jersey, Mr. Sitton attested that as of November 2010, "Wal-Mart has not utilized the vacant retail space to support its retail operations in any manner nor has it used the vacant retail space for any type of storage." J.A. 1219. Mr. Sitton also stated that, to the best of his knowledge, "no Wal-Mart employee at the store . . . has been allowed access to the vacant retail space . . . ." *Id.* [4]

Mr. Sitton's statements are consistent with record evidence in the form of photographs taken on-site at the additional leased space in June 2010, five months after Grande filed its lawsuit in New Jersey Superior Court. The photographs show that as of that date the storefront to the demised premises was covered in brown paper and the leased space was clearly closed to the public. J.A. 937. With the exception of a small

---

[4] The defendants do not contest that Wal-Mart is paying full and unabated rent for the additional leased space.

4

sign featuring Wal-Mart's logo taped to the front door, nothing indicated the premises' purpose to passersby.  Further, photographs taken inside the demised premises showed that, aside from two pallets of ice melt that did not appear to be for sale, the interior of the space was empty and unfurnished.  *Id.*  Finally, the photographs make clear that no light fixtures had been installed within the additional leased space.

It is therefore clear that Grande had not performed its obligations under Section 1.28 of the mortgage when it requested the release of holdback funds.

III.

For the reasons set forth above, we will affirm the District Court's July 6, 2011 order.

5